PER CURIAM:
 

 Here we review the decision of the United States Court for the Southern District of West Virginia holding each of the five appellants
 
 [1]
 
 indebted to the bankrupt Diversified Mountaineer Corporation (DMC), a West Virginia industrial loan company, in accordance with the terms of certain individual promissory notes signed by each of them. The notes were given by appellants to DMC, in exchange for shares in DMC’s Virginia and West Virginia subsidiaries, with the understanding that they would never have to be paid. Appellants needed these shares to satisfy the statutory qualifications for becoming directors of the subsidiaries.
 

 Separate actions were begun against the directors in May, 1975 by appellee Carl M. Duttine, Trustee of DMC under Chapter X of the Bankruptcy Act, 11 U.S.C. §§ 501-676 (Repealed 1978); in August, 1977 they were consolidated. By an order of June 15, 1978, the trial court ruled that the directors were estopped to argue the unenforceability of the notes because they had by this means endeavored to evade the statutory requirements of West Virginia, W.Va.Code § 31—7—9a (1961) (currently codified in W.Va.Code § 31-7-17 (Repl.Vol. 1975)), and Virginia, Va.Code Ann. § 6.1-235 (Repl.Vol. 1979).
 
 Duttine v. Savas,
 
 455 F.Supp. 153 (S.D.W.Va. 1978).
 

 The Court declared that these laws reflect the determination of the States’ legislatures that directors of an industrial loan corporation should share in the business risk, at least to the extent of their statutorily specified stockholdings. Each of these directors, the Court further observed, held the requisite number of shares only nominally, the nullifying collateral agreement with DMC allowing them the opportunity to profit without the chance of loss, while they collected substantial fees for serving on the boards of the subsidiaries. In vindication of the policies that underlie the qualifying shares requirement, the District Judge applied the doctrine of equitable estoppel to suppress all of the defenses raised by the directors to enforcement of their notes.
 
 [2]
 

 
 *843
 
 We affirm the judgment of the District Judge for the reasons sufficiently stated in his opinion.
 
 Duttine v. Savas,
 
 455 F.Supp. 153 (S.D.W.Va. 1978).
 

 Affirmed.
 

 [1]
 

 . They are Nick Savas, Emanuel A. Kostas, Ruth Fox Turner, J. Rexford White and Willard L. Phillips.
 

 [2]
 

 . Appellants raise an argument neither urged to, nor discussed by, the District Court, that their indebtedness on the notes should be set off against DMC’s obligation to repurchase the shares held by these directors. In a letter, DMC had promised to buy back the shares, at the greater of their book value or the purchase price, “should [the directors] ever wish to leave the Boards of these companies . . .” Without addressing appellee’s counter-arguments that this claim should be precluded because it was not raised below and that equitable estoppel bars this claim as it does the directors’ other defenses, we reject the directors’ set-off contention. Even assuming that mutual obligations on the part of DMC and the appellants could have given rise to a set-off plea in appellants’ favor, see 11 U.S.C. § 108 (Repealed 1978), DMC’s obligation to repurchase the stock was never triggered. The appellants did not decide to resign from their directorships and tender their stock to DMC for repurchase; the circumstances here were clearly not those contemplated in DMC’s offer and no duty of repurchase attached. Therefore, appellants may not offset their obligation under the notes.